3-3-3-0 Minnesota Douglas Kelley versus Safe Harbor Managed Account 101 All right, good morning, Mr. Levin, we'll hear from you first Good morning, Your Honor. Thank you very much. Neil Levin for Douglas Kelley in his capacity is that Excuse me. I was advised Levin, but it's Levin. So it is Levin. That's fine, Your Honor. It happens quite frequently. I'm used to it Thank you again, Neil Levin for Douglas Kelley in his capacity is the trustee of the PCI liquidating trust Yesterday evening I was having dinner with my wife and 17 year old daughter who has a Understanding of Ponzi schemes because of the work that we do and she asked what is this case is about and So I was compelled to bring it to Something just above layman's terms In determining and explaining to them what we would be arguing today. And what I quickly realized was how we have Rather grossly over complicated the issue here. This is a relatively the relatively simple matter It's a contentious matter I will allow for that the concept of the 546 Protection provision of the bankruptcy code is one that a lot of people are talking about and I think we'll continue to do so for quite some time, but let me very briefly walk through what I see though is the Issues as they pertain specifically to this case. I know that we're not going to rewrite 540 60 here I know we're not going to have a huge discussion on Legislative intent and it's very History, but I do think that we can get to the relevant portions and see why there were errors made at the district court level The list of errors include believing that the Supreme Court denied certiorari and tribune at the time of the hearing The district court error also and incorrectly identifying the parties to the note purchase agreement This district court also erred in failing to look at the substance behind the labels given to the various entities and the documents And the district court erred by not analyzing the proper definition of custodian to determine whether Wells Fargo was in fact custodian or financial institution for purposes of applying 546 E More specifically For section 546 E to apply, I'm sure the court has seen this before, the court had to find that ACP2 is a financial institution for purposes of the application of that statute and that the transfers were made Quote in connection with a securities contract Those are the two provisions we're dealing with here and determining that the transfer Were made to a financial institution the court assumed without analysis that Wells Fargo was a custodian did so with respect to transfer different from the transfers that the trustee is actually seeking to avoid and Failed to apply the binding Supreme Court authority in merit management There is no other Supreme Court Counselor, you've identified several errors and some of them seem to be factual in terms of as I understand that the parties agree that The district court was talking about a transfer that that is not the one that's that's being sought to be avoided so if that is conceded and I can certainly ask counsel for the other side as well, but What do we do are you asking them this court to do the initial analysis in terms of what that transfer is and then who's a custodian vis-a-vis a Transfer of funds That's a great question. I don't know. I don't think that that would be proper for this court to do I think this court only needs to recognize that those errors weren't back made and send it back I think that when we do the analysis and we've included and that and and forgive me. I apologize That's where I think we over complicated this we got deep into the analysis that we think didn't happen. That didn't happen and We're highlighting how it is that those provisions were misapplied here But to your point, I think it's great one. We need to send this back the district court heard If it's just a matter of the court having used the wrong party, but the transaction is still the same Couldn't we just do the analysis and decide whether ACP is a financial institution and whether this Transaction was in connection with securities and if the judge was right on those two things then a firm But I don't believe the judge was right on those thing. I know I know you don't but I'm saying I don't know why we'd have to remand if those are just legal issues. I believe that that is accurate your honor I do believe that you would have the Jurisdiction to go ahead and resolve those based on the facts that were presented though I do think that there are some holes in the facts as well and that's where the remand would be necessary for instance We didn't get into the definition. We I'm sorry We didn't get into the substance of the note purchase agreement versus the credit agreement We didn't get into the substance of whether or not Wells Fargo is actually a custodian So there are labels that have been used here as we highlight in our briefs Have not been pared down to understand what's beneath those labels and some of the cases we've cited say you can't just look at the Labels you've got to pare it down and those errors I think are not ones that you can remedy those errors I think are ones that the district court would have to do So it is your honor and if I could Direct the court's attention to page seven of our brief this small little diagram the appellant's brief This model diagram really sums it all up for us quite neatly And I don't think there's any dispute as to fact as to this structure vis-a-vis the parties But this all got mishmash together at the district court level and even in the appellees Opening or in their brief and their opening statement. They mishmash this together There are two sets of parties and two types of transactions sports transfers and let me walk you through it very briefly PCI owns MGC Finance those are the debtors. Those are the peddlers entities MTC Finance worked out a deal with Metro one or a CP to to loan to get loans using peddlers fraudulent scheme Those loans were evidenced by loan documents typical bank loan documents and There was a credit agreement, which would Override or the umbrella over all the various loans not unusual when you have multiple loans to a borrower that you would have a credit Agreement which sort of governs all the loans that would then be considered under the lending arrangement those loan resulted in money being paid by ACP to to MGC Finance the debtor That was on the loan agreement what ACP to decided to do at that point was pull up their loans and sell them off and That then became the note purchase agreement that note purchase agreement had nothing to do with the debtor Nothing the debtor was not a party to that subsequent agreement So After the money was being loaned pursuant to loan agreements and the credit agreement it was mr. Fry Who headed up a CP to who decided well, I'm gonna now package those loans up and Put them in a note purchase agreement and get people to invest in that and that's where safe harbor Invested safe harbor did not loan money to the debtor Safe harbor did not pay money to the debtor and safe harbor did not get money directly from the debtor Safe harbor transaction was with a CP to a transfer of the debtor So, let me clarify this one step further the trustee seek to avoid the transfer against the initial transfer e But then seek to recover money under 550 against subsequent transfer ease Yes, the subsequent transfer e gets the benefit of the 540 60 protection, but not as to the transfer to them Only is to the initial transfer from the debtor to the initial transfer e and The transfer from the debtor to the initial transfer e here Were not pursuant to any form of securities transaction whatsoever. They were pursuant to notes Promissory notes they were the repayment of promissory notes Which also happened to be covered by the credit agreement that you referenced your honor Accordingly the district court was confused and Safe harbor Furthered that confusion by trying to mess together the various transfers and transactions. They are not all of the same We have two phases of transfers the trustee seeks to recover or clawback the initial transfer and and After the clawback after the avoidance of that transfer then recover the money from the subsequent transfer e There is no 540 60 protection for the subsequent transfer to the subsequent transfer e So safe harbor doesn't get that benefit visa be the transfer to it It only gets that benefit visa be the transfer from the debtor to the initial transfer e we brought motion for default and obtained judgment as To those a nickel transfer would total over nine hundred million dollars the business done between fly who's the convicted fund relative to this matter and Mgc finance that transaction resulted in payment surprise entities of over nine hundred million dollars Subsequent to Those nine hundred million dollars being transferred to price entities flies entity Part that money out to investors who invested through the note purchase agreement Why isn't it in connection with a securities contract if the statute defines security to include a note? The statute is not in but there's law Very specifically on it. It says that the notes themselves if it's called a note and it actually is a primary note It is not a securities transaction Well, I don't know what you mean. What if I'm looking at the definition in section 101 sub 49 the term security includes note Right if it's used to the security transaction This is not a security transaction Just a promissory note alone sitting by itself is not a security transaction It can include you can have a security that includes notes If it's being packaged and sold as a security like is being suggested and we're not necessarily denying that the note purchase agreement Which was the subsequent transfer e? Was in fact a security We're not concluding that here, but that one is more akin to a security because it was packaged up and sold to investors Whereas we have a straight lending arrangement between Metro one and ACP on the one hand and MGC the debtor It's a straight lending arrangement and in the straight lending arrangement. It's not a securities I think the Rivas case also says that that notes themselves in and of themselves are not security Well, how does it deal with the statute that says the term security includes note There is no law that says that a straight note your honor is in fact a security and there's no law in Touchy that way. I'm just a statute. You say there's no law that is the law Understand again. I think the interpretation of that statute is that a note can be a security if you for instance package Those notes up and look at subprime lending subprime lending packaged up notes And then sold those That's a security so it can be part of a security transaction, but in and of itself as a borrowing arrangement It is not a security What's your position on whether Wells Fargo is a custodian for purposes of this 546 e our position is the district court never did the analysis bar What's your position on whether Wells Fargo is a custodian for purposes of 546 e I believe that Wells Fargo based on merit management would not be a custodian sufficient to satisfy the requirements of 546 e and Merit management is the controlling law on the only US Supreme Court opinion relevant here. I Didn't think it really addressed. What is a custodian? I think we're when you when you put in the context of your question your honor if I may maybe I misunderstood but if you put in the context of your question and you said as Relative to 546 e so we see that there's multiple definitions of the word custodian There's the there's Miriam's dictionary Definition there's one of one's definition If we want to talk about how does custodian fit vis-a-vis 546 ease application I would say that Wells Fargo is not it was not intended to be in this context And why a great question because the term custodian is not in 546 e but I was thinking of the fact that financial institution is is in 546 e and I thought everyone agreed that the statutory definition of financial institution applies here from section 101 sub 22 which refers to As you know a bank acting as custodian I Do believe that needs further analysis in this case your honor. I think that that is something that I'm asking you for your analysis I'm asking you. I don't know what you mean. It needs further analysis It's a legal question and that's what we decides a lot of the time. So I Rather not just settle for send it back if you could address the question We believe in the context of 546 e it would not qualify However, the document relative to the account itself does indicate that it is acting as a custodian There is a document which is the account agreement. I believe I'm sorry I'm misstating the actual title of that document But it was the document that even say Farber presented to the trustee and asked the trustee Does it not say right here that Wells Fargo is acting as custodian? Well, the district court didn't look at those responses It didn't consider those responses as part of its ruling and just because the trustee said that yes It does indicate that its title is custodian does not mean that that then would satisfy the requirements of 540 60 I do not believe it would satisfy the requirements of 540 60 if you're asking my opinion I see them nearly out of time. I was going to reserve some rebuttal. May I wrap up briefly your honor? Do you think that let me ask you one more question? Do you think that the statutory definition of custodian in section 101 sub 11? applies in determining whether Wells Fargo stodian within the definition of financial institution, I believe we have some obvious holes in our Statute yard, and I believe that is the reason that we're having these discussions. I believe that the 540 60 become contentious Never mind. I just wanted to know if you think the statutory definition of custodian applies You say so in your brief, but I guess you don't want to address that now. I do your honor You do think that this I think the statutory definition is as stated indicates that Wells Fargo Could potentially be an act has been acting as custodian relative to the subsequent transfer Not the initial transfer, so I have to qualify the answer that you're to the question you're asking It's asking whether you thought it qualified I was asking whether you think we should look to the statutory definition of custodian as to pull as opposed to some other definition of custodian like a Ordinary meaning of the term or a dictionary definition. That's all I'm asking you Yeah, and the answer would be yes, okay Well, I've taken up the rest of your time we'll we'll try to give you a couple minutes for a bottle Thank you Mr. Markham, we'll hear from you Thank you may please the court Michael Markham. I represent Safe Harbor the defendant in the underlying adversary proceeding There was certainly one thing that mr. Levin said that I agree with and that this is a relatively simple matter I Think it's been complicated by the trustees unwillingness to answer Fairly straightforward questions to the district court and now even to this court My client was sued under section 550 of the bankruptcy code as a subsequent transfer rate Section 550 states that to the extent an Initial transfer is avoided the trustee may recover from the subsequent transfer rate so if the initial transferee in this case the transfers to ACP to are Protected by 540 60 then there is no claim against Safe Harbor as a subsequent transferee I take great exception to any argument that the district judge Was confused about which transfers we were talking about I think it was clear and both sides briefing and the judge's decision that Certainly my client was focused on and the district judge was focused on the transfers from the debtor to ACP to Certainly there were other there were other issues Didn't he have one of the names wrong though in the order? He did your honor and let me speak to that because He did he did use the word the term the party Metro That's when he should have said MGC finance, right? That's right. Your honor. He confused Metro as a debtor entity But let me just say this judge. I think that was that that issue was was Exacerbated by some of what was in the papers and some was what was at the argument for example The trustee had already admitted in requests for admissions that the transfers were made in connection with the note purchase agreement and The trustee made that admission even though the trustee knew that the debtor was not a party to that note purchase agreement So the transfers and the transfers that the trustee admitted were the transfers from the debtor to ACP to So it really doesn't matter that the judge Misidentified a party because the trustee had already admitted that the subject transfers were made in connection with the note purchase agreement Another thing that confused the issue. I think is that at all argument before the district court trustees council admitted that ACP to purchased notes from MGC finance so when you say ACP to purchase two notes from MGC finance It makes it sound like that the note purchase agreement included the debtor entity. It just so happened this note purchase Agreement was between ACP to and Metro But the note purchase agreement was part and parcel of the overall transaction That was a variety of agreements that were entered into all at the same time, which I'll get to So the real question here is whether ACP to as a customer of Wells Fargo And a customer of Wells Fargo under a written custodial agreement is a financial institution by definition And that definition being provided in section 101 sub 22 That makes it clear that a customer of a financial institution Can qualify as a definitional financial institution where that bank is acting as a custodian? For that customer that's precisely what happened in this case. Do you think we use the statutory definition of custodian? to complete the analysis of financial institution I Suspect that that would be the best way to do it your honor But with all due respect to the other side They never raised to this issue with the district court judge the first time they ever The trustee ever made any mention of the definition of custodian and 101 sub 11 was in their brief to this court They never once raised this so to accuse the district court judge of not applying the statute When they never brought the statute to his attention is just not fair But in any event there are two There are more than one definition of custodian or more than one type of custodian under the definition in 101 Sub 11 one is is a is a custodian that that administers the general property of the debtor But another one is a custodian. It's acting under a contract for the purpose of enforcing a lien There is no question here that ACP to was granted a lien on the notes that were put into the custodial account These notes themselves were actually deposited into the custodial accounts at Wells Fargo if you look at the statements that are part of our appendix you will see Statements that actually have the notes themselves deposited into those accounts. These weren't just simple loans These were the accounts whose accounts were they the the custodial accounts of? ACP to at Wells Fargo But when but the part of the definition that you quoted you left out some words The statute says under a contract That is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien Correct your honor in the and the very Transfers that we're talking about here the transfers from the debtor to ACP to that cash Those proceeds of those notes that was debtor property on which Mike on which ACP to was granted a lien Under the custodial account agreement the custodial account agreement is the separate document of the same date? July 18th of 2001 To which the debtor is a party the custodial account agreement the parties are Wells Fargo the custodian Petters won the debtor and then the ACP to entities So what you have there and in that document the collateral account agreement specifically identifies Wells Fargo as a custodian and specifically states that That the secured parties ie ACP to are being granted a security interest on those notes and the proceeds of those notes that are being deposited into the accounts at Wells Fargo So it it's Frank. How is the funds in the Wells Fargo accounts property of the debtor? Well when they come that they are until they get there and when they get there then they're in those accounts And they're collateral Of a property of ACP to at that well I guess you're right, you know We could we could have a whole nother law review article about what constitutes property of the estate when money is I don't want a lot Of your article. I just want for purposes of this case to understand whether Wells Fargo is a custodian Go ahead. If you think it takes a lot of your article, I'll hear you out. No, no I just meant from the standpoint of what's property of the estate judges because money would move into an account That's not titled in the debtor's name wouldn't necessarily mean that that money could not be property of the estate under some argument That's my point. So So is there an argument that the money in ACP to accounts is property of the debtor? I Guess there could have been your honor. That's really not an issue in this case I was just trying to respond to your question about whether that was property of the estate But clearly I thought it was an issue in this case because it's in the definition of custodian Well, it Wells Fargo is only a custodian as I understand it if It's authorized to take charge of property of the debtor for the purpose of enforcing a lien so I was concerned whether They've taken charge of property of the debtor or if they're just managing money for ACP to which is not a debtor well, your honor you have to look at that also in through the lens of the admissions that were made in the case a specific admission by the trustee was Wells Fargo acted as agent or custodian for ACP to its customer in connection with the transfers to ACP to That's a direct admission a request for admission where the answer was simply admitted so they admitted that Wells Fargo acted as agent or custodian for ACP to its customer in Connection with the transfers to ACP to frankly judge I don't think we go any further than that and that's why I think The judge didn't go any further than that And that's why I think the trustee didn't go any further than that The trustee as best I can tell this was an afterthought Argument that they thought of after they filed the notice of appeal because it was the very first time that anybody had ever made any any reference to the definition of custodian In the statute, but I would submit your honor that there were liens granted And that was the purpose that Wells Fargo was there as a custodian to hold collateral For the benefit of its customer ACP to so you have that admission your honor. You have a written custodial agreement between Wells Fargo and its customer ACP to you have in the trustees complaint an allegation that the Wells Fargo was Maintaining a custodial account and then you have the custodial account agreement that I mentioned that the debtor Was in fact a party to that confirms that Wells Fargo was acting as a custodian under the custodial agreement So I think for all of those reasons and primarily the admission which I don't know how the trustee gets beyond that admission They simply can't argue that they didn't understand what the admission was. It was clear I mean it was a it was a clear request and a clear answer that it was admitted So once you make the leap or make the conclusion on the first just one one question on the admission was it or was it a request for an admission that Wells Fargo was a custodian for purposes of the definition of financial institution No, your honor. I'll read it to you word-for-word Wells Fargo acted as agent or custodian for ACP to its customer in connection with the transfers to ACP to So I didn't I didn't want to ask somebody to admit to a statutory definition I would have thought that that would have drawn an objection that I was asking somebody for a legal conclusion I thought what I asked was a factual statement and they admitted that factual state Well, I guess then the question is does that factual admission get you to the legal conclusion that they're a custodian within the meaning of the of the statutory definition of financial institution Understand I certainly understand your point your honor But I think even still on the facts before the court that were uncontroverted the different agreements Even under the secondary definition in 101 sub 11 that they were at they were Wells Fargo was clearly acting under a contract a written custodial agreement and a collateral account agreement for the purpose of enforcing the lien And I think it I think the main document there judge if you'll look to is the collateral account agreement that is very clear that the company The company In this document judge is Petters one It says the company Petters won the debtor hereby grants to Metro on behalf of the secured parties ie ACP to a present and continuing security interest in the collateral account and all proceeds thereof So what was being placed into the collateral account the notes themselves? And and and and proceeds that could have come from those so I don't think there's any question either way that Wells Fargo's purpose under those agreements was To be there to enforce a lien so that just gets us to the next question Judge, which is whether the transfers were made in connection with the securities contract again To express admissions here the trustee expressly admitted that the transfers were made in connection with the note purchase agreement and The trustee expressly admitted that the transfers were made in connection with the collateral account agreement The trustee wants to make an argument to say that that the payments were made pursuant to the notes Okay, fine. I don't care if they were made pursuant to the notes The question isn't whether the payments were made pursuant to the notes The question is whether the payments were made in connection with a much broader term one of the many securities contracts that are here and their purchase agreement the collateral account agreement the custodial agreement the definition of securities contract in 741 sub 7 is very broad and I want to get to a point your your honor asked And you were really asking Judge Colleton about the the definition of security and throughout this case The trustee for whatever reason has refused to acknowledge that a notice the security and so but but really then you've got to look At is that a securities contract? No a note is not a securities contract and and my clients never argued that a note was a securities contract a Securities contract is for example a contract for purchase or sale of a note. We clearly have that here the trustee admitted in oral argument that ACP to purchased notes from MTC finance a Debtor entity. So I don't whether the the debtor was a party to the note purchase agreement Doesn't make a difference a note purchase agreement is without question a securities contract and the trustee has expressly admitted that That that a note purchase agreement or that the transfers were made in connection with the note purchase agreement and so I Really think what happened is that because of these admissions? It was easy for the district court judge to reach Some of these conclusions, but this case has nothing to do with merit management Merit management was a an intermediary or or mere custodian case This is this is about whether The customer can be a financial institution and the record everything in the record here suggests that that's the case And if you look at the summary judgment record, there is no Contravening evidence from the trustee on this issue. All you have is a bare legal argument raised for the first time on appeal I think the district judge should be affirmed So I did have one one last question Why do you think the judge ended up going on custodian rather than agent I noticed that when you were quoting your admissions you said agent or custodian Was it a brief stall in terms of custodian or did the judge just choose? One versus the other do you know? My guess is that he chose custodian because we had a written custodial custodial agreement Yeah, the admission is clear and the admission That's why the admission really governs the day because the trustees admitted that there are the agent or custodian So even if they're not a definitional custodian, there is no definition of agent Agent is more of a common-law term and that was the real issue raised in Tribune and that's where the that's where the big issue is obviously whether a party is there's a fine line between whether a Financial institution could be an agent or an intermediary, right? Merit tells us an intermediary bank is not good enough. But but Tribune tells us that an agent Financial institution is good enough in this case You have not only an admission that Wells Fargo was acting as a custodian, but also as an agent So at the end of the day, you don't need to get to the this more sticky. I guess custodian issue because they've also admitted that Wells Fargo was acting as a CP twos agent. So either one I think my client would have prevailed on Well me, you know Agent hasn't really been presented to our court. And of course, there's some debate about whether Tribune is correctly decided I just wondered how it is that it came to us as custodian rather than agent, but I appreciate your answer All right, well, thank you for your argument Mr. Levin will give you two minutes for a bubble Please turn on your microphone How about now your honor Yes, we can hear you. Thank you There's some gross misrepresentations of fact by mr. Markham MGC was not the party not a party to any type of note purchase There were no notes sold or no notes boxed by MGC the debtor That was between Metro ACP and its investors The Metro did a deal with ACP to sell the notes to ACP and that was pursuant to the note purchase agreement The debtor was not a party to that so the debtor was not a party to anything that would qualify as a security transaction and Just because a note can be a security It doesn't become a security transaction as we talked about earlier until they're packaged up and pulled in bulk for instance But just the note by itself is not a securities and the fact that there were multiple notes between MGC finance and Metro one Does not all of a sudden make it as security and the admissions of the trustee have no bearing here whatsoever In fact, mr Markham himself said that this that we should dismiss merit management because it's a miracle Custodial case fine. Well, if you want to trust you to admit in that it was the custodian arrangement Let's talk about whether or not it was a mere custodial arrangement But that doesn't matter the trustee's admission that it was a custodial Arrangement would very well have been based just on the fact that that's what it said on the surface of the document and we still have to pare it down and see whether or not they were truly acting as a custodian just as the document says it so and Just as the trustee affirmed that the document says it so doesn't mean that that qualifies as part of the exception under 546 e We're talking about a lot of different moving parts there and mr. Markham wants to mix them all together again There are two sets of transfers the initial transfer was clearly not a security transaction they were notes It was one note here one note there another note there another note there another note there and we add all those up and it Was 900 some odd million dollars in repayments of notes that went from the debtor to Metro and ACP Then what Metro and ACP did with it after that may have been security transaction. In fact, arguably it is But that's not the point the point is they only get the protection with respect to the transfer from the debtor 546 he only applies on the initial transfer from the debtor to Metro water ACP That was simply the repayment of notes All right, thank you for your rebuttal thank you to both counsel for your arguments The case is submitted The court will file a decision in due course